UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                  :

LAMAR BROWN,                        :
                                  :
                Plaintiff,        :
                                  :           22 Civ. 8995 (JPC)
         -v-                 :
                                  :             <u>ORDER</u>
SKYBOUND, LLC,                :
                                  :
                Defendant.     :
                                  :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On October 21, 2022, Plaintiff sued Defendant for violations of the Americans with Disabilities Act, the New York City Human Rights Law, and the New York State Human Rights Law. Dkt. 1. Plaintiff failed to serve Defendant within the ninety days required by Federal Rule of Civil Procedure 4(m). Accordingly, on January 19, 2023, the Court ordered Plaintiff to file a status letter by January 20, 2023 explaining why good cause existed to excuse Plaintiff's failure to serve Defendant within the ninety-day window set by Rule 4(m). Dkt. 5. The Court noted that failure to file such a letter may result in an order dismissing the case for failure to prosecute. *Id.* at 2. When Plaintiff failed to comply, the Court extended *sua sponte* Plaintiff's deadline to file a status letter to January 25, 2022, but once again warned that failure to file the letter would result in an order dismissing the case for failure to prosecute. Dkt. 6. Later that same day, Plaintiff filed a Notice of Settlement which averred that the parties had reached a "settlement in principle" and requested a complete stay of the case pending finalization of the settlement agreement. Dkt. 7. The Court granted the request in part and stayed the case until January 31, 2022. Dkt. 8. The Court directed Plaintiff to file a notice of voluntary dismissal or a status letter as to why his failure to serve Defendant should be excused for good cause, in accordance with the Court's prior orders. *Id.*

But Plaintiff once again failed to comply.

When, as here, a plaintiff has failed to prosecute his case or comply with court orders, a court may dismiss the case under Federal Rule of Civil Procedure 41(b).  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court.").  Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, the five factors point toward dismissing Plaintiff's case without prejudice.  First, Plaintiff has ignored three of this Court's orders.  *See Sanders v. Ramos*, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 594229, at *1 (S.D.N.Y. Feb. 14, 2013) (dismissing case under Rule 41(b) because the "[p]laintiff ha[d] failed to comply with three court orders . . . and was put on notice that failure to comply could result in dismissal").  Second, the Court warned Plaintiff that failure to comply would result in the case being dismissed without prejudice.  *See* Dkts. 5-6.  Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable."  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004).  "The delay here i[s] inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so."  *Urgiles v. Dep't of Corr. of New York State*, No. 20 Civ.

4373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021).  Fourth, after balancing the need to alleviate court congestion with Plaintiff's right to due process, the Court has determined that dismissal is appropriate.  "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner."  *Id.* (quotations and alteration omitted).  And lastly, fifth, the Court has further considered the possibility of a less drastic sanction than dismissal; indeed, the Court granted Plaintiff an additional chance to comply with the Court's orders as a less drastic sanction than dismissal.  However, "[P]laintiff appears to have abandoned the litigation, [so] dismissal is appropriate."  *Id.*

The Court therefore dismisses this case without prejudice.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 1, 2023
       New York, New York

_____
JOHN P. CRONAN
United States District Judge